**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NANA KYEAME,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:07-cv-1239** |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **NICHOLAS BUCHHEIT** | : | |
| **individually and as an Officer** | : | |
| **of the Pennsylvania State Police,** | : | |
| **Defendant** | : | |

**MEMORANDUM ORDER**

On July 13, 2011, the Court held a pretrial conference in this matter.  At the pretrial

conference, the parties raised a dispute as to whether Plaintiff sufficiently pled a malicious

prosecution claim against Defendant.  On July 14, 2011, the Court ordered the parties to file

letter briefs on the issue.  (Doc. No. 100.)   The parties filed their letter briefs on July 20, 2011.

(Doc. Nos. 110, 111.)

Plaintiff argues that he has satisfied the notice pleading requirement of Rule 8(a)(2) of the

Federal Rules of Civil Procedure.[1]  (Doc. No. 110 at 2-3.)  Specifically, Plaintiff argues that the

complaint sufficiently sets forth each element of a malicious prosecution claim.  (Id. at 2.)

Defendant counters that "neither the phrase 'malicious prosecution' nor specific allegations

addressing the elements of a malicious prosecution claim appear anywhere in the complaint."

(Doc. No. 111 at 1.)  The Court notes that the complaint does not specifically articulate separate

counts.  Rather, the complaint consists of eight numbered paragraphs under the heading

---

[1] Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"preliminary averments," and nineteen numbered paragraphs under the heading "facts."  (Doc. No.1.)  Plaintiff asserts that he sufficiently pled a claim for malicious prosecution when he "alleged that Defendant maliciously (Doc. No. 1. ¶ 3) and without probable cause (¶ 25) charged him with resisting arrest (¶ 22) in violation of the Fourth Amendment (¶ 6).  As a result, Plaintiff suffered a deprivation of liberty (¶¶ 23-24, 27).  Lastly, the criminal proceeding ended in Plaintiff's favor—the charges were ultimately withdrawn (¶ 24)."  (Doc. No. 110 at 2.)

The Court is cognizant that the notice pleading standard of the Federal Rules of Civil Procedure is a liberal one.  See Evancho v. Fisher, 423 F.3d 347, 352 (3d Cir. 2005) (stating that the Third Circuit applies a liberal notice pleading standard in civil rights cases).   However, the Court is not convinced that the manner in which Plaintiff's malicious prosecution claim is presented constitutes a "short and plain statement" of Plaintiff's claim showing that he is entitled to relief.  See, e.g., Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 640 (9th Cir. 1988) (finding that even where the factual elements of a cause of action are present but scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper).

While Plaintiff's complaint is less than clear, it appears that factual allegations to support the elements of a malicious prosecution claim may be present.  Therefore, the Court will order, sua sponte, Plaintiff to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure in order to clarify the claims Plaintiff asserts against Defendant.  See MFS, Inc. v. Twp. of South Annville, No. 1:05-CV-1371, 2006 WL 3254535, at *7 (M.D. Pa. Nov. 9, 2006); see also Moore's Federal Practice, § 12.36 (Matthew Bender 3d ed.) ("Because of its potential usefulness . . . courts will occasionally order a more definite statement sua sponte,

which they have the freedom to do."); <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082-83 (11th Cir.

1996) (finding that a more definite statement can tighten a complaint and clarify which of several

possible claims are being asserted).

       **ACCORDINGLY**, on this 18th day of August 2011, **IT IS HEREBY ORDERED**

**THAT** Plaintiff **SHALL FILE** a more definite statement pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure within 14 days of the date of this order.

                           S/ Yvette Kane            
                          Yvette Kane, Chief Judge
                          United States District Court
                          Middle District of Pennsylvania