**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NANA KYEAME, | : | |
| Plaintiff | : | Civil Action No. 1:07-cv-1239 |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| NICHOLAS BUCHHEIT, | : | |
| individually and as an Officer | : | |
| of the Pennsylvania State Police, | : | |
| Defendant | : | |

**MEMORANDUM ORDER**

Presently pending before the Court are four separate motions in limine filed by Defendant Nicholas Buchheit.  (Doc. Nos. 75, 78, 81, 83.)  This memorandum will address each motion in limine in turn.

**I.      DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CROSS-EXAMINATION OF DEFENDANT ON ALLEGED MISREPRESENTATIONS REGARDING MILITARY SERVICE (DOC. NO. 78)**

In his first motion in limine, Defendant seeks to preclude Plaintiff from cross-examining him regarding misrepresentations made to the Court about his military service.  (Doc. No. 78.)  Plaintiff argues that this evidence is relevant because it goes to Defendant's credibility.  (Doc. No. 95 at 2.)  Defendant argues that the evidence is irrelevant because Defendant himself did not make the representations regarding his military service; instead, the documents at issue were filed by Defendant's attorney.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  "All relevant evidence is admissible . . . ."  Fed. R. Evid. 402.  The Court agrees with Defendant that this evidence is not relevant.

Because the documents identified by Plaintiff as containing misrepresentations were filed by

Defendant's attorney, they are irrelevant to Defendant's credibility.  Therefore, the Court will

grant Defendant's motion in limine on this issue.  Plaintiff is precluded from cross-examining

Defendant regarding misrepresentations about his military service.

II.     **DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM
        INTRODUCING EXPERT WITNESS TESTIMONY THROUGH VIDEO
        DEPOSITION (DOC. NO. 83)**

        In his second motion in limine, Defendant seeks to preclude Plaintiff from introducing

the testimony of expert witness Dr. Gholamain via a video deposition.  (Doc. No. 83 at 1.)

Defendant avers that Dr. Gholamain is not "unavailable" pursuant to Federal Rule of Evidence

804 and Federal Rule of Civil Procedure 32 and, therefore, the Court should preclude Defendant

from offering the video deposition at trial.  (Doc. No. 84 at 4.)  In opposing Defendant's motion

in limine, Plaintiff argues that Dr. Gholamain, a citizen of Canada, who resides and works in

Canada, is unavailable pursuant to both Rules 804 and 32.  The Court agrees.

        Federal Rule of Evidence 804 lists exceptions to the hearsay rule that apply if a declarant

is unavailable.  According to Rule 804(a)(5), a declarant is unavailable if she "is absent from the

hearing and the proponent of the statement has been unable to procure the declarant's attendance

. . . by process or other reasonable means."  Fed. R. Evid. 804(a)(5).  Defendant cites to an

unreported case, Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co., No. Civ. A. 97-529 MMS,

2000 WL 135129, at *2 (D. Del. 2000), for the proposition that "[p]arties are expected to use

other reasonable means to procure the attendance of their experts because the parties select their

experts and arrange for their appearance at trial."  However, in support of this statement, the

court cited to the following language from Carter-Wallace, Inc. v. Otte, 474 F.2d 529, 536 (2d

Cir. 1973):

> When the ordinary witness is unavailable, his unique knowledge of the facts will be lost unless the use of his prior testimony is allowed. But the expert witness generally has no knowledge of the <u>facts</u> of the case. Instead, he is called upon to express a professional opinion upon the facts as they are given to him, often expressing his opinions in the form of answers to hypothetical questions. Thus, even if one particular expert is unavailable, there is no need to use his previous testimony to prevent the loss of evidence, because there will usually be other experts available to give similar testimony orally.

The present case is distinguishable from the situation discussed in <u>Carter-Wallace, Inc.</u> Here, Dr. Gholamain is not only an expert witness, but also a fact witness because she treated Plaintiff prior to the filing of this action. (Doc. No. 96 at 4.) Because Dr. Gholamain is more akin to a "witness whose involvement with the case may depend on the fortuity of his observing a particular event" than the expert witness who "has no knowledge of the facts of the case," the Court will not impose the requirement that Plaintiff seek to secure the attendance of a witness who is beyond the subpoena power of the Court. <u>Carter-Wallce, Inc.</u>, 474 F.2d at 536. Thus, the Court finds that Dr. Gholamain is unavailable pursuant to Federal Rule of Evidence 804(a)(5) and will deny Defendant's motion in limine on this basis.

Similarly, the Court finds that Dr. Gholamain is unavailable pursuant to Federal Rule of Civil Procedure 32. According to Rule 32(a)(1), a deposition may be used against a party at trial provided that: "(A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present in court and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8). Rule 32(a)(4) further provides that, where a witness is unavailable, the use of a deposition may be permitted. A witness is unavailable if she is outside the United

States, unless that absence was procured by the party offering the deposition.  Fed. R. Civ. P.

32(a)(4)(B).  The Court finds Defendant's argument that Plaintiff "procured" Dr. Gholamain's

absence in accordance with Rule 32(a)(4)(B) unpersuasive.  "Procured" for purposes of Rule

32(a)(4)(B) means that "a party has collusively instigated or induced a witness to remove . . .

herself from being amenable to testify at trial, or at least has unfairly and for an improper

purpose deliberately arranged for the witness to absence himself or herself from the jurisdiction

to preclude being examined."  7 Moore's Federal Practice § 32.24 (Matthew Bender 3d. ed.).

Dr. Gholamain resides outside of the United States, and Plaintiff did not deliberately arrange her

absence.  Accordingly, Defendant's motion in limine will be denied, and Plaintiff shall be

permitted to present the video deposition testimony of Dr. Gholamain at trial.

## III.   DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ALBERT TAYLOR AT TRIAL (DOC. NO. 75)

In his third motion in limine, Defendant seeks to exclude the testimony of Albert Taylor

at trial.  (Doc. No. 75.)  Taylor was previously arrested by Defendant and claims that Defendant

used unreasonable force during the course of the arrest.  (Doc. No. 76 at 2.)  Defendant argues

that this testimony constitutes inadmissible character evidence pursuant to Federal Rule of

Evidence 404(b).  (Id. at 3.)  Defendant filed this motion in limine and a brief in support on June

27, 2011.  (Doc. Nos. 75, 76.)  On July 11, 2011, Plaintiff filed an amended certificate of

concurrence, indicating that Plaintiff concurred with Defendant's motion.  (Doc. No. 98.)

Therefore, Defendants' motion in limine on this issue will be granted.

## IV.   DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF STATEMENTS ALLEGEDLY MADE BY DEFENDANT TO PLAINTIFF WHILE IN THE POLICE CAR (DOC. NO. 81)

4

In his fourth motion in limine, Defendant seeks to preclude Plaintiff from introducing evidence of statements that Defendant allegedly made to Plaintiff while Plaintiff was in the police car.  (Doc. No. 81.)  These alleged statements include: calling Plaintiff "a 'Canadian nigger;'" warning him to "'pray very hard' that things wouldn't get 'ugly;'" and telling him that he did not "'give a fuck' about [Plaintiff's] children who were left with a babysitter awaiting" Plaintiff's return.  (Doc. No. 97 at 1.)  Plaintiff first argues that this evidence is relevant because it reveals Defendant's state of mind at the time of the arrest and tends to prove that Defendant acted unreasonably during the arrest.  (Id. at 1-2.)  Defendant asserts that this testimony is irrelevant to Plaintiff's Fourth Amendment claims.  (Doc. No. 82 at 3.)  The Court agrees.  "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively, justify [the] action."  Brigham City v. Stuart, 547 U.S. 398, 404 (2006) (internal quotations omitted).  Accordingly, "the subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment . . .; the issue is not his state of mind, but the objective effect of his actions."  Bond v. United States, 529 U.S. 334, 338 n.2 (2000).

Plaintiff also argues that Defendant's alleged statements are relevant because they tend to prove that Defendant acted with malice.[1]  (Doc. No. 97 at 4.)  To prove malicious prosecution, a plaintiff must show that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendants initiated the proceeding without probable

---

[1] On September 1, 2011, in response to the Court's order to file a more definite statement (Doc. No. 120), Plaintiff filed an amended complaint, alleging a malicious prosecution claim under the Fourth and Fourteenth Amendments.  (Doc. No. 122 ¶¶ 42-45).  Defendant did not file an answer to the amended complaint.

cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Kerr, 477 F.3d 75, 81-82 (3d Cir. 2007). "Actual malice in the context of malicious prosecution claims is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." Lee v. Mihalich, 847 F.2d 66, 70 (3d Cir. 1988), abrogated on other grounds, Albright v. Oliver, 510 U.S. 266 (1994). "Malice may be inferred from the want of probable cause and is a factual determination for the jury." Bristow v. Clevenger, 80 F. Supp. 2d 421, 432 (M.D. Pa. 2000).

The Court agrees with Plaintiff that Defendant's alleged statements are relevant to the issue of whether Defendant acted with malice. Therefore, the Court will deny Defendant's motion in limine on this issue. Plaintiff shall be permitted to introduce evidence of the statements allegedly made by Defendant to Plaintiff while Plaintiff was in the police car for the purpose of proving Plaintiff's malicious prosecution claim.

**AND NOW**, on this 18th day of October 2011, it is **HEREBY ORDERED THAT** Defendant's first and third motions in limine (Doc. Nos. 75, 78) are **GRANTED**, and Defendant's second and fourth motions in limine (Doc. Nos. 81, 83) are **DENIED**, in accordance with the foregoing analysis.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania