IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANA KYEAME, | : | |
|     Plaintiff | : | Civil Action No. 1:07-cv-1239 |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| NICHOLAS BUCHHEIT, | : | |
| individually and as an Officer | : | |
| of the Pennsylvania State Police, | : | |
|     Defendant | : | |

**MEMORANDUM ORDER**

Presently pending before the Court is the Report and Recommendation of Magistrate Judge Carlson addressing Plaintiff's motion for sanctions (Doc. No. 89), as well as the objections thereto filed by both Plaintiff (Doc. No. 104) and Defendant (No. 108). The Court will adopt the Report and Recommendation in part.[1] Specifically, the Court declines to adopt the Report and Recommendation insofar as it recommends the Court impose sanctions against Defendant in the form of an attorney's fees award totaling $300.

This case concerns a civil action for damages brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The case was scheduled for mediation on February 15, 2008. (Doc. Nos. 11, 15.) On February 11, 2008, defense counsel informed the mediator that the Pennsylvania State Police, Defendant's employer, was not prepared to offer financial compensation to Plaintiff at that stage of the litigation. (Doc. No. 28-2 at 2.) The mediation was then canceled (Doc. No. 15), and

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a <u>de novo</u> determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

Plaintiff filed a motion for sanctions and costs based upon Defendant's failure to mediate in good faith. (Doc. No. 17.) This case was then stayed on May 12, 2008 pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. app. § 501, et seq., based on Defendant's representation that he was deploying to Iraq for a tour of duty lasting from April 30, 2008 until September 30, 2008. (Doc. No. 29.) On April 22, 2009, Plaintiff filed a motion to lift the stay, contending that the stay imposed between April 30, 2008 and September 2008 was the result of a bad faith misrepresentation by Defendant. (Doc. No. 33 ¶ 18; Doc. No. 34 at 11.) Plaintiff argued that this misrepresentation caused delay in the resolution of the case and requested that the Court sanction Defendant and his counsel. (Doc. No. 34 at 17-18.) The Court lifted the stay on December 23, 2009 but did not impose sanctions against Defendant or his counsel. (Doc. No. 38 at 3 n.1, 4.)

The factual details and legal standards governing this case are comprehensively set forth in Judge Carlson's report and need not be reproduced here. In his report, Judge Carlson recommends that Plaintiff's motion for sanctions based upon Defendant's failure to mediate in good faith (Doc. No. 17) be denied, and that Plaintiff's request for sanctions contained in his motion to lift the stay and supporting briefs (Doc. Nos. 33, 34, 37) be granted in part. The parties filed their objections to the Report and Recommendation on July 19, 2011. (Doc. Nos. 104, 108.) The Court will address Judge Carlson's recommendations and the objections thereto filed by the parties in turn.

I.     SANCTIONS FOR FAILURE TO MEDIATE

First, Judge Carlson found that sanctions were not warranted against Defendant as a result of Defendant's alleged failure to participate in mediation. (Doc. No. 89 at 21.) Plaintiff objects

to this finding, asserting that sanctions are warranted for Defendant's unwillingness to participate in a scheduled mediation because Plaintiff should be compensated for the expenses incurred by his counsel in preparing for mediation and litigating the sanctions motion. (Doc. Nos. 104 at 2, 107 at 7-9.) Plaintiff contends that other courts have awarded sanctions where a party attended, but failed to meaningfully participate in, mediation or arbitration . See St. Paul Fire & Marine Co. v. CEI Fla., Inc., 152 F.R.D. 95, 97 (E.D. Mich. 1993); Dvorak v. Shibata, 123 F.R.D. 608, 610 (D. Neb. 1988); Gilling v. Eastern Alliances, Inc., 680 F. Supp. 169, 171 (D.N.J. 1988). As Judge Carlson correctly noted, however, unlike the parties in these cases, defense counsel notified the mediator four days prior to the scheduled mediation of Defendant's position regarding a financial settlement, thereby "avoid[ing] the evil condemned by those cases which have imposed sanctions on litigants in this setting; namely, the danger that the 'Defendant did not notify the Court beforehand that a settlement conference at this time would be a futile act, thereby wasting the limited time, financial resources and energies of the Court and Plaintiff." (Doc. No. 89 at 20) (quoting Karahuta v. Boardwalk Regency Corp., No. 06-4902, 2007 WL 2825722, at *4 (E.D. Pa. Sept. 27, 2007) (internal citations omitted).) The Court agrees with Judge Carlson that "while the categorical refusal to consider a financial settlement in this case may prove to be short-sighted and unwise, it does not constitute sanctionable conduct." (Doc. No. 89 at 20-21.) Therefore, the Court finds no error in Judge Carlson's finding that the defense counsel did not commit sanctionable conduct by failing to attend and participate in the scheduled mediation.

## II.     SANCTIONS FOR MISREPRESENTATIONS

Second, Judge Carlson recommended that Defendant be ordered to pay a nominal award

of attorney's fees in the amount of $300 as a sanction for defense counsel's alleged bad faith misrepresentation contained in Defendant's motion to stay, without prejudice to Plaintiff seeking full reimbursement of attorney's fees at the close of the proceedings in this case. (Doc. No. 89 at 18-19, 25-26.) In making this recommendation, Judge Carlson analyzed the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) and found that the sanction of a default judgment or preclusion of defenses was not warranted. (Id. at 24.)

Plaintiff first objects to Judge Carlson's recommendation that the entry of a default judgment or preclusion of defenses would not be appropriate. (Doc. No. 104 at 2.) A de novo consideration of this argument leads the Court to conclude that Plaintiff's objection is without merit. The Court finds no error in Judge Carlson's conclusion that the imposition of such sanctions would be improper based on his careful assessment of the six Poulis factors. (Doc. No. 89, at 21-24.)

Plaintiff next objects to Judge Carlson's recommendation that Defendant be ordered to pay $300, rather than Plaintiff's full attorney's fees for the litigation of the sanctions motion, because defense counsel "committed sanctionable conduct by intentionally concealing from the court the fact that Defendant was not unavailable due to military service, and by intentionally violating the Court's order requiring the Defense to report changes in the Defendant's status." (Doc. No. 104 at 2.) Conversely, Defendant objects that neither this Court nor Judge Carlson made the finding of bad faith required before imposing sanctions pursuant to the Court's inherent authority. (Doc No. 108 at 6.) Defendant further argues that counsel's conduct did not rise to the level of bad faith. (Id. at 5-6.)

First, the Court notes that an explicit finding of bad faith is not required when a court

imposes sanctions under its inherent power. See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 189 (3d Cir. 2002) ("An implicit finding of bad faith will support sanctions just as well [as an explicit finding] so long as it is not an abuse of discretion, not based upon clearly erroneous factual findings, and not based upon an error of law."). Nevertheless, the Court does not agree with Plaintiff's assertions that defense counsel intentionally concealed or misrepresented information concerning Defendant's deployment.

In his report, Judge Carlson noted that, under the law of the case doctrine, this Court had found that defense counsel made materially inaccurate representations in connection with Defendant's motion to stay the proceedings. (Doc. No. 89 at 19.) He based this conclusion on two statements contained in this Court's order lifting the stay: that "the actual circumstances of Defendant's military service would be material to the Court's consideration;" and that "the initial grant of a stay was premised on incorrect representations made to the Court." (Doc. No. 38 at 3.) Judge Carlson continued to find that the law of the case compelled a finding of sanctionable misconduct. (Doc. No. 89 at 19.)

Although Judge Carlson correctly noted that Defendant's motion to stay proceedings included a factual error, the Court disagrees with his conclusion that the law of the case doctrine mandates a finding of sanctionable misconduct. (Id. at 19.) Defendant's motion to stay stated that "defendant was recently deployed to Iraq," and that his "deployment order . . . indicates a tour of duty lasting from April 30, 2008 until September 30, 2008." (Doc. No. 29, ¶¶ 2, 3.) These statements were not accurate. Defendant's deployment did not actually occur until September 2008. (Doc. No. 89 at 18.) However, a de novo consideration of the arguments leads the Court to find that defense counsel did not act in bad faith. The evidence of the record

suggests that defense counsel had reason to believe that the statements contained in Defendant's motion to stay regarding his deployment to Iraq were true, as counsel based on her information on an active duty order issued by Colonel Walter Lord on behalf of the Adjutant General of the Pennsylvania Army National Guard and on a letter to the Pennsylvania State Police, Defendant's employer, from the Pennsylvania Army National Guard. (Doc. No. 108 at 3; see also Doc. No. 29 at 2.)

While Defendant's motion to stay undoubtedly included inaccurate representations, the Court agrees with Defendant that the evidence of record does not show that defense counsel intentionally concealed or misrepresented facts to the Court at the time that the motion was filed. Therefore, the Court declines to adopt Judge Carlson's recommendation to impose a nominal sanction of $300 at this time but adopts his report in all other respects, recognizing that Plaintiff may have a full opportunity to pursue attorney's fees at the close of this litigation.

**ACCORDINGLY**, on this 18th day of October 2011, **IT IS HEREBY ORDERED THAT** Magistrate Judge Carlson's Report and Recommendation (Doc. No. 89) is **ADOPTED IN PART** consistent with the foregoing memorandum, and Plaintiff's motion for sanctions (Doc. No. 17) and request for sanctions included in his motion to lift the stay and supporting briefs (Doc. Nos. 33, 34, 37) are **DENIED.**

                                                                                S/ Yvette Kane
                                                                                Yvette Kane, Chief Judge
                                                                                United States District Court
                                                                                Middle District of Pennsylvania