IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANA KYEAME, | : | |
|     Plaintiff | : | Civil Action No. 1:07-cv-01239 |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| NICHOLAS BUCHHEIT, individually and | : | |
| as an Officer of the Pennsylvania State Police, | : | |
|     Defendant | : | |

## MEMORANDUM ORDER

This matter is currently scheduled for trial on December 12, 2011, having previously been continued on motion of the parties four times since the initial trial date on December 1, 2008. Although the deadline for the filing of motions in limine has long passed, at the eleventh hour – the Thursday prior to the Monday trial date – Defendant filed a "letter brief" addressing the admissibility of a portion of the Pennsylvania State Police ("PSP") Incident Report, which has been marked as Defendant's Trial Exhibit 3.[1] (Doc. No. 141.) Specifically, Defendant contends that Captain Jeffrey S. Watson's supplemental report, dated July 10, 2007, which contains the statements of Dennis Fisher, "should be admitted so that the jury has the benefit of hearing" from Mr. Fisher, who died on November 16, 2010. (Id. at 2-3.) According to Captain Watson's report, Mr. Fisher contacted the PSP after he heard a radio report, and read a Centre Daily Times news article, regarding the instant litigation. (Doc. No. 141-1 at 7.) Captain Watson's report states the following in pertinent part:

> FISHER related that he was coming from State College, eastbound
> on SR0322 and saw that the State Police had a vehicle stopped on the

---

[1] Although Rule 7(b)(1) of the Federal Rules of Civil Procedure requires that requests for a court order be made by motion, the Court will deny the request on the merits.

1

> westbound side of SR0322. The trooper was at the open driver's door, motioning for the driver to step out. FISHER decided to pull over and observe. He advised that the trooper could be seen gesturing to the driver to get out of the vehicle and that the trooper attempted to grab the driver's arm to pull him out. He advised the trooper did this two or three times and each time the driver pulled away from the trooper. He advised that the trooper finally grabbed the driver about the shoulders and pulled him from the vehicle. FISHER saw the driver go to his knees at the berm and the trooper came around behind the driver and handcuffed him. FISHER advised that the trooper walked the driver back to the State Police vehicle, put the driver inside, the trooper got behind the wheel, and they left. . . .
>
> [. . . .]
>
> FISHER was questioned if he saw the trooper assault the driver as alleged. FISHER replied no way. He advised that the driver was pretty good sized, big across the shoulders. The trooper asked him repeatedly to get out of the car and tried to pull him out of the car but the driver resisted. FISHER advised that the driver went immediately to the berm as he was pulled from the car. The trooper put the handcuffs on the driver and walked him to the police car. FISHER advised that he did not see the trooper hit the driver during this confrontation. FISHER advised that he did not see the trooper use any unnecessary force, that he (FISHER) would have handled the situation the same as the trooper did. . . .
>
> [. . . .]
>
> I asked if the driver was cooperative with the trooper in this incident. FISHER replied no, that the driver could have got out of that vehicle at any time.

(Id. at 6-7.)

Defendant contends that Captain Watson's report is admissible at trial under Rules 806 and 807 of the Federal Rules of Evidence. (Doc. No. 141 at 1-2.) The Court does not agree. Even if the Court were to assume, arguendo, that Captain Watson's report is admissible under Rule 806, the business records exception, the Court finds that Mr. Fisher's account of the

incident between Plaintiff and Defendant is not admissible under Rule 807, the residual hearsay exception.  Rule 807 permits the admission of hearsay statements, otherwise inadmissible under Rules 803 and 804, but possessing equivalent circumstantial guarantees of trustworthiness, if the Court finds that:

> (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807.  Rule 807 is "to be used only rarely, and in exceptional circumstances" and is meant to "apply only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present."  United States v. Bailey, 581 F.2d 341, 347 (3d Cir. 1978) (addressing the residual hearsay exceptions contained in Rules 803(24) and 804(b)(5), which were combined and transferred to the new Rule 807 in 1997); see also Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 112 n.17 (3d Cir. 2001).  The United States Court of Appeals for the Third Circuit has recognized several factors to consider in assessing the guarantees of trustworthiness, including whether:

> (1) the declarant was known and named, (2) the statement was made under oath and penalty of perjury, (3) the declarant was aware of the pending litigation at the time he made the declaration and thus knew that his assertions were subject to cross examination, (4) the statement[] were based on personal observation, (5) the declarant . . . had no financial interest in the litigation's outcome, (6) the [statement] was corroborated . . ., and (7) [the declarant's] position and background qualified him to make the assertion[].

Bohler-Uddeholm Am., Inc., 247 F.3d at 113; see also United States v. Wilson, 281 F. App'x 96, 99 (3d Cir. 2008).

3

After considering these factors, the Court concludes that Mr. Fisher's statements are not admissible under Rule 807.  Although Mr. Fisher is known and named, had no apparent financial interest in the litigation, and was aware of the pending litigation when he made his statements, the Court finds that other factors compel the exclusion of his statements.  First, although Mr. Fisher presumably made the statements based on his personal observations, he made the statements over one year after he allegedly witnessed Plaintiff's arrest.  Therefore, his recollection of the events was not fresh when he reported them to Captain Watson.  Further, although Mr. Fisher voluntarily made the statements, the statements lack specificity: They fail to indicate the distance between Mr. Fisher and the parties at the time of the incident, whether Mr. Fisher had a clear view of the parties, whether he could overhear any of the words spoken by the parties, or whether Mr. Fisher had any problems with his vision or hearing.  Second, Mr. Fisher's statements were neither made under oath nor subject to cross-examination, the traditional methods used to ensure trustworthiness.  See Lloyd v. Am. Export Lines, Inc., 580 F.2d 1179, 1192 (3d Cir. 1978).  In fact, as Defendant notes, Mr. Fisher did not even sign Captain Watson's report. (Doc. No. 141 at 1.)  Third, the report includes no information regarding Mr. Fisher's professional background and qualifications that would indicate that Mr. Fisher was qualified, in any way, to determine whether Defendant's actions were appropriate.  Fourth, Defendant has presented no other witnesses or evidence – apart from the testimony of Defendant, who is inherently biased in this matter – to corroborate Mr. Fisher's statements.  Finally, the Court questions whether Defendant will even be able to establish that Mr. Fisher's statement was made in reference to the instant arrest.

Further, Defendant asserts that PSP officers face disciplinary actions if they are not

"honest and accurate in the reports that they prepare." While the Court is cognizant that "consideration should [also] be given to factors bearing on the reliability of the reporting of the hearsay by the witness," Defendant's assertion bears entirely on the reliability of Captain Watson's report, but it does nothing to increase the reliability of Mr. Fisher's statements within the body of the report.  Bailey, 581 F.2d at 349; see also Gov't of Virgin Islands v. Krepps, No. 06-2695, 2010 WL 7325244, at *2 (3d Cir. May 13, 2010).

Finally, the Court notes that Mr. Fisher died approximately three years and four months after he reported his observations to Captain Watson.  Although the instant matter was stayed from May 12, 2008 to December 23, 2009, counsel for the parties deposed Plaintiff, Defendant, and two other witnesses (Evelyn Amoh and Albert C. Taylor) in March 2010, approximately nine months before Mr. Fisher's death.  Defendant, therefore, had ample time to depose or otherwise seek a statement bearing a higher degree of reliability from Mr. Fisher.  Defendant did not do so.

After considering the circumstantial guarantees of trustworthiness of Mr. Fisher's statements, contained in Captain Watson's report, the Court finds that the guarantees of trustworthiness do not support the admission of Mr. Fisher's statements under Rule 807.  Therefore, the Court concludes that Mr. Fisher's statements are not admissible at trial.

**ACCORDINGLY**, on this 12th day of December 2011, **IT IS HEREBY ORDERED THAT** the statements of Dennis Fisher contained in Captain Jeffrey S. Watson's supplemental report, on pages 4 and 5 of Defendant's Trial Exhibit 3, are not admissible at trial.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court

Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANA KYEAME,<br>　　　　Plaintiff<br><br>v.<br><br>NICHOLAS BUCHHEIT, individually and<br>as an Officer of the Pennsylvania State Police,<br>　　　　Defendant | Civil Action No. 1:07-cv-01239<br>(Chief Judge Kane) |

## MEMORANDUM ORDER

This matter is currently scheduled for trial on December 12, 2011, having previously been continued on motion of the parties four times since the initial trial date on December 1, 2008. Although the deadline for the filing of motions in limine has long passed, at the eleventh hour – the Thursday prior to the Monday trial date – Defendant filed a "letter brief" addressing the admissibility of a portion of the Pennsylvania State Police ("PSP") Incident Report, which has been marked as Defendant's Trial Exhibit 3.[1]  (Doc. No. 141.)  Specifically, Defendant contends that Captain Jeffrey S. Watson's supplemental report, dated July 10, 2007, which contains the statements of Dennis Fisher, "should be admitted so that the jury has the benefit of hearing" from Mr. Fisher, who died on November 16, 2010.  (Id. at 2-3.)  According to Captain Watson's report, Mr. Fisher contacted the PSP after he heard a radio report, and read a Centre Daily Times news article, regarding the instant litigation.  (Doc. No. 141-1 at 7.)  Captain Watson's report states the following in pertinent part:

> FISHER related that he was coming from State College, eastbound
> on SR0322 and saw that the State Police had a vehicle stopped on the

---

[1] Although Rule 7(b)(1) of the Federal Rules of Civil Procedure requires that requests for a court order be made by motion, the Court will deny the request on the merits.

1

>   westbound side of SR0322. The trooper was at the open driver's door, motioning for the driver to step out. FISHER decided to pull over and observe. He advised that the trooper could be seen gesturing to the driver to get out of the vehicle and that the trooper attempted to grab the driver's arm to pull him out. He advised the trooper did this two or three times and each time the driver pulled away from the trooper. He advised that the trooper finally grabbed the driver about the shoulders and pulled him from the vehicle. FISHER saw the driver go to his knees at the berm and the trooper came around behind the driver and handcuffed him. FISHER advised that the trooper walked the driver back to the State Police vehicle, put the driver inside, the trooper got behind the wheel, and they left. . . .
>
>   [. . . .]
>
>   FISHER was questioned if he saw the trooper assault the driver as alleged. FISHER replied no way. He advised that the driver was pretty good sized, big across the shoulders. The trooper asked him repeatedly to get out of the car and tried to pull him out of the car but the driver resisted. FISHER advised that the driver went immediately to the berm as he was pulled from the car. The trooper put the handcuffs on the driver and walked him to the police car. FISHER advised that he did not see the trooper hit the driver during this confrontation. FISHER advised that he did not see the trooper use any unnecessary force, that he (FISHER) would have handled the situation the same as the trooper did. . . .
>
>   [. . . .]
>
>   I asked if the driver was cooperative with the trooper in this incident. FISHER replied no, that the driver could have got out of that vehicle at any time.

(Id. at 6-7.)

Defendant contends that Captain Watson's report is admissible at trial under Rules 806 and 807 of the Federal Rules of Evidence. (Doc. No. 141 at 1-2.) The Court does not agree. Even if the Court were to assume, arguendo, that Captain Watson's report is admissible under Rule 806, the business records exception, the Court finds that Mr. Fisher's account of the

2

incident between Plaintiff and Defendant is not admissible under Rule 807, the residual hearsay exception.  Rule 807 permits the admission of hearsay statements, otherwise inadmissible under Rules 803 and 804, but possessing equivalent circumstantial guarantees of trustworthiness, if the Court finds that:

> (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807.  Rule 807 is "to be used only rarely, and in exceptional circumstances" and is meant to "apply only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present."  United States v. Bailey, 581 F.2d 341, 347 (3d Cir. 1978) (addressing the residual hearsay exceptions contained in Rules 803(24) and 804(b)(5), which were combined and transferred to the new Rule 807 in 1997); see also Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 112 n.17 (3d Cir. 2001).  The United States Court of Appeals for the Third Circuit has recognized several factors to consider in assessing the guarantees of trustworthiness, including whether:

> (1) the declarant was known and named, (2) the statement was made under oath and penalty of perjury, (3) the declarant was aware of the pending litigation at the time he made the declaration and thus knew that his assertions were subject to cross examination, (4) the statement[] were based on personal observation, (5) the declarant . . . had no financial interest in the litigation's outcome, (6) the [statement] was corroborated . . ., and (7) [the declarant's] position and background qualified him to make the assertion[].

Bohler-Uddeholm Am., Inc., 247 F.3d at 113; see also United States v. Wilson, 281 F. App'x 96, 99 (3d Cir. 2008).

3

After considering these factors, the Court concludes that Mr. Fisher's statements are not admissible under Rule 807. Although Mr. Fisher is known and named, had no apparent financial interest in the litigation, and was aware of the pending litigation when he made his statements, the Court finds that other factors compel the exclusion of his statements. First, although Mr. Fisher presumably made the statements based on his personal observations, he made the statements over one year after he allegedly witnessed Plaintiff's arrest. Therefore, his recollection of the events was not fresh when he reported them to Captain Watson. Further, although Mr. Fisher voluntarily made the statements, the statements lack specificity: They fail to indicate the distance between Mr. Fisher and the parties at the time of the incident, whether Mr. Fisher had a clear view of the parties, whether he could overhear any of the words spoken by the parties, or whether Mr. Fisher had any problems with his vision or hearing. Second, Mr. Fisher's statements were neither made under oath nor subject to cross-examination, the traditional methods used to ensure trustworthiness. See Lloyd v. Am. Export Lines, Inc., 580 F.2d 1179, 1192 (3d Cir. 1978). In fact, as Defendant notes, Mr. Fisher did not even sign Captain Watson's report. (Doc. No. 141 at 1.) Third, the report includes no information regarding Mr. Fisher's professional background and qualifications that would indicate that Mr. Fisher was qualified, in any way, to determine whether Defendant's actions were appropriate. Fourth, Defendant has presented no other witnesses or evidence – apart from the testimony of Defendant, who is inherently biased in this matter – to corroborate Mr. Fisher's statements. Finally, the Court questions whether Defendant will even be able to establish that Mr. Fisher's statement was made in reference to the instant arrest.

Further, Defendant asserts that PSP officers face disciplinary actions if they are not

"honest and accurate in the reports that they prepare." While the Court is cognizant that "consideration should [also] be given to factors bearing on the reliability of the reporting of the hearsay by the witness," Defendant's assertion bears entirely on the reliability of Captain Watson's report, but it does nothing to increase the reliability of Mr. Fisher's statements within the body of the report. Bailey, 581 F.2d at 349; see also Gov't of Virgin Islands v. Krepps, No. 06-2695, 2010 WL 7325244, at *2 (3d Cir. May 13, 2010).

Finally, the Court notes that Mr. Fisher died approximately three years and four months after he reported his observations to Captain Watson. Although the instant matter was stayed from May 12, 2008 to December 23, 2009, counsel for the parties deposed Plaintiff, Defendant, and two other witnesses (Evelyn Amoh and Albert C. Taylor) in March 2010, approximately nine months before Mr. Fisher's death. Defendant, therefore, had ample time to depose or otherwise seek a statement bearing a higher degree of reliability from Mr. Fisher. Defendant did not do so.

After considering the circumstantial guarantees of trustworthiness of Mr. Fisher's statements, contained in Captain Watson's report, the Court finds that the guarantees of trustworthiness do not support the admission of Mr. Fisher's statements under Rule 807. Therefore, the Court concludes that Mr. Fisher's statements are not admissible at trial.

**ACCORDINGLY**, on this 12th day of December 2011, **IT IS HEREBY ORDERED THAT** the statements of Dennis Fisher contained in Captain Jeffrey S. Watson's supplemental report, on pages 4 and 5 of Defendant's Trial Exhibit 3, are not admissible at trial.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court

Middle District of Pennsylvania

6